Filed 2/6/25  P. v. Jimenez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B330356 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA109517) |
| v. | |
| ANTHONY DANIEL JIMENEZ, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Jacqueline H. Lewis, Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Anthony Daniel Jimenez appeals from the order denying, at the prima facie stage, his petition for resentencing pursuant to Penal Code section 1172.6 (former § 1170.95).

We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2015, defendant, a member of the Azusa 13 gang, and another gang associate confronted two victims at gunpoint. (*People v. Jimenez* (June 22, 2020, B297604) [nonpub. opn.].) When the victims attempted to flee, shots were fired and one of the victims received a nonfatal facial wound. (*Ibid.*) A jury found defendant, who was tried alone, guilty of attempted murder (Pen. Code, §§ 187, 664) and found true the allegations the attempted murder was willful, deliberate and premeditated and that the offense was committed for the benefit of a gang (§ 186.22, subd. (b)). (*People v. Jimenez, supra,* B297604.) The firearm use allegations were found not true (§12022.53, subds. (b), (c) & (d)). (*People v. Jimenez, supra,* B297604.) In a bifurcated proceeding, the trial court found true prior conviction allegations, including that defendant had suffered a prior qualifying strike conviction within the meaning of the "Three Strikes" law. (*People v. Jimenez, supra,* B297604.) The court sentenced defendant to 36 years to life. (*People v. Jimenez, supra,* B297604.)

In 2020, this court modified defendant's judgment of conviction by striking the one-year prison prior in light of amendments to Penal Code section 667.5 and otherwise affirmed defendant's conviction in its entirety. (*People v. Jimenez, supra*, B297604.)

After defendant's judgment became final, the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which made several amendments to Penal Code section 1172.6. Section 1172.6 had been

enacted three years earlier with the passage of Senate Bill 1437 (2017–2018 Reg. Sess.). Senate Bill 1437 amended sections 188 and 189 regarding liability for murder and added section 1172.6 which provided a procedure for individuals convicted of felony murder or murder under a natural and probable consequences theory to petition for resentencing. (Stats. 2018, ch. 1015, §§ 2, 3 & 4.) Senate Bill 775 expanded the scope of those entitled to seek sentencing relief to individuals convicted of attempted murder under a natural and probable consequences theory and to those convicted of voluntary manslaughter. (Stats. 2021, ch. 551, § 2.)

In March 2022, defendant filed, in propria persona, a form petition for resentencing pursuant to Penal Code section 1172.6 asking for relief from his attempted murder conviction and requesting the appointment of counsel. The court appointed counsel for defendant, and the People filed opposition. Defendant, through appointed counsel, filed a reply brief.

After a hearing at which defendant waived his presence and was represented by counsel, the trial court denied defendant's petition, finding he was ineligible for relief as a matter of law.

This appeal followed. We grant defendant's request to take judicial notice of this court's opinion from his direct appeal. (*People v. Jimenez*, *supra*, B297604.)

## DISCUSSION

Defendant contends the trial court erred in denying his petition for resentencing and that a remand for further proceedings is warranted. Defendant says the relief afforded by Penal Code section 1172.6 to defendants convicted of attempted murder is not limited to convictions based on the natural and probable consequences doctrine. He says the statutory language should not be construed so narrowly because the legislative history shows that convictions for attempted murder based on a theory of imputed

3

malice were also intended to be included within the statute's purview. Defendant further argues the jury instructions permitted the jury to convict him on a theory of imputed malice based solely on his participation in the crime. He contends the record of conviction therefore does not show conclusively he is ineligible as a matter of law and denial at the prima facie stage was improper.

"We review de novo a trial court's prima facie determination that a petitioner is ineligible for [Penal Code] section 1172.6 relief as a matter of law." (*People v. Allen* (2023) 97 Cal.App.5th 389, 395 (*Allen*); accord, *People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) We reject defendant's contentions.

Penal Code section 1172.6, subdivision (a) identifies, and limits, the individuals that "may file a petition" seeking sentencing relief to those persons "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine,* or manslaughter." (*Ibid.,* italics added.)

The statutory language is plain and unambiguous. For individuals convicted of attempted murder, the statute affords relief only to those convicted under the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 [Pen. Code, § 1172.6, "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"]; accord, *People v. Muhammad* (2024) 107 Cal.App.5th 268, 276, petn. for review pending, petn. for review filed Jan. 17, 2025, *People v. Morales* (2024) 102 Cal.App.5th 1120, 1129, review den. Aug. 28, 2024, S285876, & *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865, review den. July 24, 2024, S285447.)

Defendant's jury was *not* instructed on the natural and probable consequences doctrine. Rather, the jury was instructed on attempted murder, premeditation and direct aiding and abetting. Defendant was therefore ineligible for relief as a matter of law.

Moreover, the language in Penal Code section 1172.6 regarding convictions under any "other theory under which malice is imputed to a person" applies only to individuals convicted of murder and has no applicability to defendant. (*Id.,* subd. (a).) Defendant's reliance on the legislative history to argue otherwise is unpersuasive.

As an initial matter, where statutory language is clear and unambiguous, we have no occasion to interpret or construe it. In any event, the legislative history does not support defendant's argument. Of particular note, the Legislative Counsel's Digest for Senate Bill 775 says: "This bill would expand the authorization to allow a person who was convicted of murder under any theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine, to apply to have their sentence vacated and be resentenced if, among other things, the complaint, information, or indictment was filed to allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or *attempted murder under the natural and probable consequences doctrine*." (Legis. Counsel's Dig., Sen. Bill 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, italics added.)

The Legislature specifically limited the right to petition for resentencing for attempted murder to those convicted under a natural and probable consequence theory.  Each time attempted murder is mentioned, it is so qualified.  Defendant's contention we should construe the statutory language more broadly is without merit.

The record of conviction also conclusively demonstrates the jury instructions did not leave open the possibility that defendant was convicted on a theory of imputed malice.  The jury at defendant's 2018 trial was told that to be guilty of attempted murder, the person committing the "direct but ineffectual act" must harbor "a specific intent to kill."  (CALJIC No. 8.66.)  The jury was also instructed that to be guilty as an aider and abettor, a person must act with knowledge of the direct perpetrator's "unlawful purpose" and "[w]ith the intent or purpose of committing or encouraging or facilitating the commission" of that crime.  (CALJIC No. 3.01.)  And, the jury was told that it could find the premeditation allegation true only if it found the attempted murder was "preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation."  (CALJIC No. 8.67.)

The jury was accurately instructed that a perpetrator of attempted murder must possess express malice (the specific intent to kill), and an aider and abettor must know of the perpetrator's intent to kill and act with the intent of aiding the commission of the attempted murder. (See *People v. Smith* (2005) 37 Cal.4th 733, 739 [attempted murder requires specific intent to kill]; *People v. McCoy* (2001) 25 Cal.4th 1111, 1117 [aider and abettor liability is based on combination of "director perpetrator's acts and the aider and abettor's *own* acts and *own* mental state"].)  A reasonable jury

would not have been misled into concluding that implied malice was a sufficient basis upon which to find defendant guilty.

To the extent defendant contends these jury instructions were ambiguous or failed to accurately state the law, any such claim should have been raised on direct appeal. The argument is not cognizable in a petition pursuant to Penal Code section 1172.6. (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 936 [§ 1172.6 cannot be used to resurrect claims of instructional error that should have been raised on direct appeal]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [a § 1172.6 petition "does not afford the petitioner a new opportunity to raise claims of trial error"].)

Finally, defendant points out the jury found the firearm use allegations not true, arguing again that the record does not conclusively establish his ineligibility. He says the jury's finding shows he was not convicted as the direct perpetrator and could have been found guilty for his "mere participation" with the mens rea of the direct perpetrator imputed to him. Defendant affords the not true finding more significance than it merits. (See, e.g., *People v. Miranda* (2011) 192 Cal.App.4th 398, 405-407 [because inconsistencies in a verdict " 'may show no more than jury lenity, compromise, or mistake,' " inconsistencies do not undermine the verdict's validity; this rule "applies equally" where enhancement findings are inconsistent with the verdict on a substantive offense].)

Even assuming for the sake of argument the jury's not true finding on the firearm use allegations is properly construed as a finding defendant was not the direct perpetrator, the record otherwise demonstrates the jury, properly instructed on the relevant law as discussed above, found him guilty of premeditated attempted murder as a direct aider and abettor. Defendant therefore cannot establish one of the requirements for a prima facie showing under Penal Code section 1172.6, i.e., that the petitioner

"could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill 1437. (§ 1172.6, subd. (a)(3).)  Direct aiding and abetting liability for attempted murder was not changed by Senate Bill 1437 and remains valid under current law.  The record of conviction therefore conclusively establishes that defendant was convicted on a theory not affected by Senate Bill 1437 and he is ineligible for relief. (*People v. Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 931.)

## DISPOSITION

The order denying defendant and appellant Anthony Daniel Jimenez's petition for resentencing is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.

VIRAMONTES, J.